UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                                             Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC. and
GREGORY W. BRYANT,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL RULE 26 CONFERENCE

THIS MATTER is before the Court on Plaintiff Centennial Bank's Motion to Compel Rule 26 Conference (Dkt. 59) ("Motion"). Upon consideration, the Motion is granted in part and denied in part for the reasons stated below.

### INTRODUCTION

Plaintiff seeks an order compelling Defendants to confer as required by Federal Rule of Civil Procedure 26. Plaintiff contends that Defendants have refused to schedule the Rule 26 conference and "effectively have granted themselves an improper stay of discovery." (Dkt. 59 ¶ 9.) Plaintiff requests that the parties conduct the Rule 26 conference within ten days of the filing of the Motion (i.e., by March 6, 2016). Alternatively, Plaintiff seeks to conduct initial discovery prior to the Rule 26 conference. Plaintiff also asks that any out of state counsel be permitted to attend the Rule 26 conference telephonically.

### APPLICABLE STANDARDS

Pursuant to Federal Rule of Civil Procedure 26(f), parties are required to confer to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1);

discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). "The attorneys of record . . . are jointly responsible for arranging the conference." *Id.*

"[T]he parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."[1] Fed. R. Civ. P. 26(f)(1). The Middle District of Florida Local Rules provide that, for Track Two cases, counsel "shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report." M.D. Fla. Local R. 3.05(c)(2)(B). (*See also* Dkt. 12.)

## ANALYSIS

Plaintiff served Defendants on January 14, 2016. (Dkt. 7, 8.) Defendant Gregory W. Bryant first appeared on January 19, 2016, and Defendant ServisFirst Bank Inc. first appeared on January 21, 2016. (Dk. 9, 11.) Under Federal Rule of Civil Procedure 26(f)(1), the parties should have conferred by February 27, 2016.[2] However, consistent with Middle District of Florida Local Rule 3.05(c)(2)(B), District Judge Honeywell issued an order on January 21, 2016 directing the parties to meet within sixty days after service of the Complaint upon any defendant. (Dkt. 12.) *See* Fed. R. Civ. P. 26(f)(4) ("If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule (A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

---

[1] "The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

[2] Per Rule 16(b), the scheduling order may be issued by March 19, 2016, which is sixty days after the appearance of Defendant Gregory W. Bryant. The parties should have held their conference twenty-one days before March 19, 2016. *See* Fed. R. Civ. P. 26(f)(1).

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference."). Therefore, the parties are required to confer under Rule 26 by March 14, 2016, sixty days after service of the Complaint.

The undersigned does not find any basis for requiring the parties to meet prior to this deadline. Defendants appear to have been cooperating in the process of scheduling the Rule 26 conference and reasonably cancelled the conference scheduled for Monday, February 22, 2016 after Plaintiff filed its Amended Complaint (which totals 688 pages including exhibits) on Friday, February 19, 2016. After cancelling the hearing, the parties jointly made efforts to reschedule the conference and were in the midst of these discussions when Plaintiff filed the instant Motion. Thus, the Court will not shorten the deadline for conducting the Rule 26 conference; however, to expedite the process, the parties are directed to file their Case Management Report within three days of the Rule 26 conference.

Additionally, as to Plaintiff's request to conduct initial discovery prior to the Rule 26 conference, District Judge Honeywell already denied Plaintiff's Motion for Expedition of Discovery. (Dkt. 21.) The undersigned similarly does not find that good cause exists to permit the parties to conduct discovery prior to the Rule 26 conference. This does not affect any party's ability to send Rule 34 requests for production to other parties prior to the Rule 26 conference, as permitted by Federal Rule of Civil Procedure 26(d)(2).

Finally, to assist the parties with scheduling, the Court will permit any counsel who wishes to attend the Rule 26 conference by telephone to do so.

Accordingly, it is

**ORDERED**:

1. Plaintiff Centennial Bank's Motion to Compel Rule 26 Conference (Dkt. 59) is **GRANTED** in part and **DENIED** in part.

2. The parties shall conduct their Rule 26 conference on or before March 14, 2016. The parties shall file their Case Management Report no later than three days after conducting their Rule 26 conference.

3. Counsel may attend the Rule 26 conference via telephone.

**DONE** and **ORDERED** in Tampa, Florida on March 1, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record