UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                        Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC. and
GREGORY W. BRYANT,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MID-HEARING MOTION TO
PERMIT PROFFERED EXHIBITS SHOULD REFRESHMENT
OF RECOLLECTION OR IMPEACHMENT BE NECESSARY**

THIS MATTER is before the Court on Plaintiff's Mid-Hearing Motion to Permit Proffered Exhibits Should Refreshment of Recollection or Impeachment be Necessary ("Motion") (Dkt. 104). For the reasons stated on the record at the April 26 and 28, 2016 evidentiary hearing on Plaintiff's Motion for Preliminary Injunction and upon consideration of the parties' oral arguments on the Motion, the Motion is granted.

Plaintiff filed its Motion seeking a determination concerning the potential exhibits that may be introduced at the April 26 and 28, 2016 evidentiary hearing on Plaintiff's Motion for Preliminary Injunction. Previously, on March 15, 2016, the Court entered an Order permitting Plaintiff to use the exhibits attached to its Amended Complaint and its Motion for Preliminary Injunction as its exhibits at the evidentiary hearing. (Dkt. 75 at 4.) On April 19, 2016, the Court held a preliminary pretrial conference, at which the Court stated, with regard to the introduction of exhibits that are not attached to Plaintiff's Amended Complaint or Motion for Preliminary Injunction, that the matter can be addressed at the evidentiary hearing and that the Court may "deem[] it appropriate in her discretion to allow other evidence." (Dkt. 91 at 25:17–26:5.)

In the Motion, Plaintiff requests permission to use exhibits during the cross examination of Defendant Gregory Bryant beyond those identified in the Court's March 15, 2016 Order.  (Dkt. 104); (Dkt. 159 at 9.)  Defendants oppose the requested relief on the grounds that the admissible evidence is limited to the exhibits attached to Plaintiff's Amended Complaint and Plaintiff's Motion for Preliminary Injunction.  (Dkt. 106.)  Defendants also argue that they would suffer prejudice because they received the additional proffered exhibits on the eve of the evidentiary hearing.  (Dkt. 159 at 15.)

Upon consideration, the Court grants Plaintiff's Motion and permits the proffered exhibits for the limited purpose of impeaching Mr. Bryant or refreshing his recollection.[1]  (Dkt. 159 at 20–22, 82–83.)  *See* Fed. R. Civ. P. 26(a)(3) (evidence used solely for impeachment purposes is not required to be included in pretrial disclosures); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (internal citations omitted) ("At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is appropriate given the character and objectives of the injunctive proceeding.").  Accordingly, it is

**ORDERED** that the Motion (Dkt. 104) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

---

[1] It is noted that although the Court permitted Defendants additional time to review the proffered exhibits and offered to reschedule the hearing to eliminate any potential prejudice to Defendants, Defendants declined to do so.  *See Murry v. American Standard, Inc.*, 488 F.2d 529, 531 (5th Cir. 1973) (rejecting claim of unfair surprise concerning evidence presented during preliminary injunction hearing where party did not respond to the court's offer of additional time to avoid any surprise).

Copies furnished to:
Counsel of Record