UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                                                   Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC., GREGORY
W. BRYANT, CATAPULT SOLUTIONS,
LLC, CATAPULT FUNDING, LLC,
CATAPULT ALF 1, LLC and CATAPULT
ALF 2, LLC,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Julie S. Sneed (Doc. 131). In the Report and Recommendation, Magistrate Judge Sneed recommends that the Court deny Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief (Doc. 4) (the "Motion"), construed as seeking preliminary injunctive relief.

Defendants ServisFirst Bank, Inc. ("ServisFirst") and Gregory W. Bryant ("Bryant") (collectively "Defendants") filed a limited objection to one conclusion in the Report and Recommendation. Doc. 143. Defendants object to the conclusion that "[b]ased upon this evidence, there is a substantial likelihood that Centennial could prove that Davey breached Section 11 of the Centennial Agreement." Doc. 131 at 23. Although Defendants recognize that the conclusion is directed at a non-party, and that the conclusion does not provide a basis for preliminary injunctive relief, they object because "the pertinent conclusion is not supported by the evidence." Doc. 143 at 2. Defendants otherwise agree with the Magistrate Judge's ultimate conclusion that the Motion

should be denied. Plaintiff, Centennial Bank, filed a Response to Defendant's Objection. Doc. 163. This matter is ripe for review.

## I.     BACKGROUND

Plaintiff, Centennial Bank ("Centennial") acquired Bay Cities Bank ("Bay Cities") in October 2015. In connection with the acquisition, Centennial retained several former employees of Bay Cities, including Bryant, along with other officers of Bay Cities (collectively the "Former Officers"). Each of the Former Officers signed employment contracts with Centennial that include provisions governing the maintenance of Centennial's confidential information, non-competition, non-solicitation of Centennial's customers, and non-solicitation of Centennial's employees (collectively referred to as the "Centennial Agreements"). On December 31, 2015, the Former Officers, along with another former Bay Cities' employee, Jonathan Zunz simultaneously resigned from Centennial. In January 2016, the Former Officers and Zunz began working for Defendant ServisFirst. On January 14, 2016, Centennial filed suit against Bryant and ServisFirst, Doc. 1, and thereafter filed a separate motion seeking a temporary restraining order or preliminary injunction to prevent defendants from engaging in conduct that violates the Centennial Agreements. Doc. 4

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part,

the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

### III. DISCUSSION

Defendants object to the Magistrate Judge's conclusion arguing that the evidence upon which the Magistrate Judge relied was inadmissible pursuant to the Best Evidence Rule and was otherwise insufficient to support the conclusion. First, Defendants contend that the Magistrate Judge erroneously relied on the testimony of Centennial officer Bob Birch. The Report and Recommendation summarizes his testimony as follows: Birch reviewed e-mails from Davey and Zunz to a former Centennial customer. Doc. 131 at 23. From those e-mails Birch ascertained that Davey and Zunz proposed specific loan terms which were designed to compete with Centennial's loan terms. *Id*. Centennial ultimately lost that client to ServisFirst. *Id*.

Defendants argue that Birch's testimony violated Federal Rule of Evidence 1002, the so-called "Best Evidence Rule." The rule states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed.R.Evid. 1002; *United States v. Holland*, 223 Fed. Appx. 891, 898 (11th Cir. 2007). "The purpose of the Rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing [or recording]." 223 Fed. Appx. at 898 (quoting *United States v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994)). "However, the Best Evidence Rule only applies when the contents of the writing or recording are sought to be proved." *Id*.

Birch's testimony was offered for the purpose of establishing that Zunz and Davey offered very specific loan terms to one of Centennial's clients, Panther International, and that Centennial subsequently lost that client to ServisFirst. The testimony was not offered to prove the terms of

the offer, only that Davey was involved in communicating with one of Centennial's clients after resigning. *See Telecom Technical Services Inc. v. Rolm Co.*, 388 F.3d 820, 830 (11th Cir. 2004) (noting that the best evidence rule applies only "where the party presenting evidence seeks to prove the specific contents of a writing" and that when a party is seeking to prove a fact other than the terms of a contract, testimony will suffice). *See also United States v. Smith*, 804 F.3d 724, 730 (5th Cir. 2015) ("It is well-established that Rule 1002 does not apply in situations where the mere existence of an independent factual condition is sought to be proved, even if the condition is contained in or effectuated through a writing.").

Further, the Court has informed the parties in previous orders[1] that this proceeding was not a trial, but merely a preliminary hearing seeking to establish the relative likelihood of Centennial's success on the merits. "[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). Given the limited purpose of a preliminary injunction, and the haste that is often necessary to preserve each party's position, "a preliminary injunction is typically granted following procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* "A party thus is not required to prove his case in full at a preliminary-injunction hearing[,] and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Id.* (citations omitted). Ultimately, at the preliminary injunction stage, the evidentiary rules are relaxed. *See Levi Strauss & Co. v. Sunrise Int'l Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) ("[A] district court may rely on

---

[1] As the Court noted in its February 26, 2016 Order, Doc. 64, and at the preliminary pre-trial conference on April 19, 2016, in a preliminary hearing the Court recognizes that the parties will not have all of the evidence available. *See also* March 15, 2016 Order, Doc. 75 (denying reconsideration of February 26, 2016 Order and stating that "Centennial will be permitted to utilize the exhibits attached to its Amended Complaint and [Preliminary Injunction] Motion, provided the exhibits are admissible under Federal Rules of Evidence, and no more.").

4

affidavits and hearsay materials that would not be admissible evidence for a permanent injunction, if the evidence is 'appropriate given the character and purpose of the injunction proceedings.'").

Therefore, upon a *de novo* review of the record the Court agrees with the Magistrate Judge's conclusion. The testimony was admitted for purposes of establishing likelihood of success on the merits, not to actually succeed on the merits. Further, the operative language is "could prove" a violation, because Birch's testimony established that written evidence of communications between Davey and Centennial's former customer exists. The standard requires a finding of success that is "likely or probable" not certain. *See Schiavo ex rel. Schindler v. Schiavo*, 357 F. Supp. 2d 1378, 1383 (M.D. Fla. 2005), aff'd, 403 F.3d 1223 (11th Cir. 2005) ("A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain,* success."). *See also Flynt Distrib. Co. v. Harvey,* 734 F.2d 1389, 1394 (9th Cir. 1984) (stating that the trial court may give even inadmissible evidence some weight in a preliminary injunction determination when it serves the purpose of preventing irreparable harm before trial because it is difficult to obtain affidavits from persons who could be compelled to testify at trial). *See also Sierra Club, Lone Star Chapter v. F.D.I.C.,* 992 F.2d 545, 551 (5th Cir.1993) ("[A]t the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.");.

Defendants' second basis for objecting to the conclusion in the Report and Recommendation is that Plaintiff did not lay a sufficient foundation. They argue that because the Centennial Agreements state that a former officer may not "solicit, divert, or appropriate or attempt to solicit, divert, or appropriate, any business from any of Centennial's customers," Doc. 131 at 21, the Magistrate Judge would have needed additional testimony to support her conclusion. The Report and Recommendation noted that "[t]hese terms prohibit individuals from taking proactive

steps to obtain former customers, but they do not disallow an individual from accepting former customers who actively seek assistance." *Id*. (*citing J.K.R., Inc. v. Triple Check Tax Serv*., Inc., 736 So. 2d 43, 44 (Fla. 1st DCA 1999)). Based on the foregoing, Defendants argue that there must be component proof showing that Ms. Davey was actively involved in the communications with the customer and that she took proactive steps as opposed to merely reacting to a customer's request for assistance. The case law on this issue, as cited to in the Report and Recommendation, states that even if the former customer initiates the meeting, it is still possible for an individual to inappropriately solicit that customer. *Id*. at 21-22 (citing *Scarborough v. Liberty Nat. Life Ins. Co*., 872 So. 2d 283m, 285 (Fla. 1st DCA 2004) (affirming temporary injunction regarding non-solicitation where the former client initiated the contact with the former employer, and the former employee made a comparison for the client between the benefits and premiums afforded by the two insurance companies). The Court disagrees with Defendants that additional testimony is needed, and concludes that the evidence was sufficient to support the conclusion that there was a substantial likelihood that Centennial could prove Davey breached Section 11 of the Centennial Agreement.

**Accordingly, it is ORDERED that**:

1. Defendants' Objection to the Report and Recommendation (Doc. 143) is **OVERRULED**.

2. The Report and Recommendation is **adopted, confirmed, and approved**, and is made a part of this Order for all purposes, including appellate review (Doc. 131).

3. Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief (Doc. 4) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 11, 2016.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any
United States Magistrate Judge Julie S. Sneed