IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTENNIAL BANK,<br>an Arkansas state chartered bank,<br><br>    Plaintiff,<br><br>vs.<br><br>SERVISFIRST BANK INC., an<br>Alabama state chartered bank,<br>and GREGORY W. BRYANT,<br>an individual,<br><br>    Defendants. | Case No. 8:16-cv-00088-CEH-JSS |

## DECLARATION OF ADAM D. SHARP OF E-HOUNDS, INC.

I, Adam D. Sharp, hereby declare as follows:

1. I am over the age of 18 and have personal knowledge of the following facts.

2. I am the president, CEO, and founder of E-Hounds which is located in Clearwater, Florida. My curriculum vitae is attached hereto as Exhibit "A". I have previously been recognized as an expert in state and federal court proceedings in data recovery, computer forensics, and electronic discovery in approximately 130 cases.

3. E-Hounds specializes in finding, recovering, searching, and analyzing computer information. E-Hounds has provided forensic and e-discovery services for over 2000 clients in the past eighteen years and I have personally provided approximately 90% of those services.

4. I have been previously appointed by numerous courts to recover electronically stored information, including the U.S. District Court for the Southern District of Florida, U.S.

1

District Court for the Middle District of Florida, and the U.S. District Court for the Northern District of Florida.

5. In June 2016, I was engaged by counsel for Gwynn Davey and Patrick Murrin to advise them on the appropriate steps for preserving and retrieving data from their personal devices.

6. On July 8, 2016, I participated in a conference call with counsel in this case and Dwayne Denny, who was identified as the computing forensic consultant for Centennial Bank. The parties to that call agreed that we could preserve all available data from Davey and Murrin's personal devices by (1) taking a forensic image of Murrin's personal laptop, (2) collecting the accessible data from the iPhones and iPads that Davey and Murrin used to access their Gmail accounts, and (3) downloading the available information in Davey and Murrin's Gmail accounts, including any emails in those accounts and any information regarding the devices used to access those accounts. I have completed those steps.

7. I am currently generating the following reports from the available information: (1) a list of devices that accessed the respective Gmail accounts, (2) a list of apps used on the respective iPhones and iPads, and (3) a list of files contained on Murrin's laptop. In addition, I am prepared to search the preserved data for any search terms identified by the parties.

8. In my experience, Gmail and related artifacts are generally not recoverable from iPhones or iPads because email applications operate in a "sandbox environment" on iOS devices. This is a security method used by Apple to contain potentially harmful data that might be received from infecting or damaging the other apps on the device. This has the added effect

of limiting what can be accessed by an examiner such as myself. I was unable to retrieve any emails from the iPhones and iPads that Davey and Murrin used to access their Gmail accounts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 12, 2016.

_____
Adam D. Sharp