# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CENTENNIAL BANK, an Arkansas state chartered bank, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 8:16-cv-00088-CEH-JSS ) |
| SERVISFIRST BANK INC., an Alabama state chartered bank, and GREGORY W. BRYANT, an individual, | ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO STAY BY NON-PARTIES GWYNN DAVEY AND PATRICK MURRIN

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Non-Parties Gwynn Davey and Patrick Murrin hereby move to stay production of their Indemnification Agreements until it is determined whether they will become parties to this action. In support of their Motion, Davey and Murrin state as follows:

### BACKGROUND

1.  On March 28, 2016, subpoenas were served on Gwynn Davey and Patrick Murrin respectively. Davey and Murrin served objections to those subpoenas on April 11, 2016. (Doc. 88 Exs. D-E.) Among their objections, Davey and Murrin objected to the production of their indemnification agreements as protected by Rule 26(b)(3). (Doc. 88 Ex. D at ¶ 4 & Ex. E at ¶ 4.)

2. Centennial filed a motion to compel pursuant to Rule 45(d)(2)(B)(i). (Doc. 88.) That motion did not challenge Davey or Murrin's standing to raise Rule 26(b)(3) objections. (*Id.*)

3. On June 24, 2016, immediately prior to the hearing on the motion to compel, Centennial sought leave to file a second amended complaint ("Motion for Leave") that, among other things, sought to add Davey and Murrin as parties to this litigation. (Doc. 149.) That motion remains pending.

4. At the June 28, 2016, hearing on Centennial's Motion to Compel, the Magistrate Judge, *sua sponte*, expressed concern about whether Davey and Murrin, rather than ServisFirst, had standing to raise Rule 26(b)(3) objections because Davey and Murrin were non-parties. At no time prior to the hearing did Centennial raise such a concern.

5. On June 29, 2016, to remove any doubt concerning whether an entity with proper standing has raised the Rule 26(b)(3) objections to the production of the indemnification agreement, ServisFirst filed its Motion to Quash. (Doc. 168).

6. On July 1, 2016, the Magistrate Judge entered an order finding that, while the Indemnification Agreements were protected work product, Davey and Murrin did not have standing to raise the issue because they were non-parties. However, she stayed their obligation to produce the Indemnification pending the outcome of ServisFirst's Motion to Quash.

7. On August 5, 2016, the Magistrate Judge denied ServisFirst's Motion to Quash. She found that the indemnification agreements were, in fact, protected as work product and that Centennial had not shown a substantial need for them. (Doc. 172 at 3.)

However, she further concluded that ServisFirst's Motion to Quash was untimely. (*Id.* at 5-9.)

8. On August 16, 2016, ServisFirst objected to the Magistrate Judge's order.

9. Davey and Murrin now move to stay their obligation to produce the Indemnification Agreements pending the outcome of Centennial's Motion for Leave to Amend.

**ARGUMENT**

The Court has already determined that the Indemnification Agreements are protected by the work-product doctrine because "they were prepared in anticipation of litigation such as the present litigation." (Dkt. 172 at 3 (*citing* Dkt. 165 at 9).) The Court further found that Davey and Murrin did not have standing to assert the work-product doctrine "because they are not parties to the present litigation." (*Id.*) However, since Centennial seeks to <u>add Davey and Murrin as parties</u>, Davey and Murrin may soon have standing to assert the doctrine under the Court's reasoning. Requiring Davey and Murrin to produce those documents—documents which the Court has previously determined to be privileged—will cause irreparable harm should they be later added as defendants.

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, courts may, for good cause, issue a protective order to protect a party from undue burden or expense by forbidding the disclosure of discovery or otherwise limiting discovery. Fed. R. Civ. P. 26(c)(1). Similarly, a court may stay discovery if the movant demonstrates good cause and reasonableness. Fed. R. Civ. P. 26(c)(1); *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

3

Davey and Murrin have demonstrated "good cause" to stay production of the Indemnification Agreements pending resolution of Centennial's Motion for Leave to add Davey and Murrin as parties. "The work product doctrine exists to protect the adversary system. It is derived from the notion that 'a common law trial is and always should be an adversary proceeding.' *Grumman Aerospace Corp. v. Titanium Metals Corp. of America*, 91 F.R.D. 84, 88 (E.D.N.Y. 1981), *citing Hickman v. Taylor*, 329 U.S. 495, 516, 67 S. Ct. 385, 396, 91 L. Ed. 451 (1947) (Jackson, J. concurring). The doctrine 'rests on the belief that such promotion of adversary preparation ultimately furthers the truth finding process.' *Grumman Aerospace*, 91 F.R.D. at 88*, citing United States v. American Tel. & Tel. Co.*, 30 F. R. Serv. 2d 503, 519 (D.C. Cir. 1980). *See also Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384 (D.N.J. 1990); *Fischer v. Samuel Montagu, Inc.*, 131 F.R.D. 379 (S.D.N.Y. 1989)." *Khandji v. Keystone Resorts Mgmt., Inc.*, 140 F.R.D. 697, 699 (D. Colo. 1992).

The proposed second amended complaint seeks to add Davey and Murrin as parties. If Davey and Murrin are added as parties to this litigation, then they would be able to raise the Rule 26(b)(3) arguments themselves. Moreover, the Court has already determined that the Indemnification Agreements are privileged under the work-product doctrine. (Dkt. 165 at 9). Allowing Centennial to delve into preparations by its potential future adversaries would undermine the adversary system and the purpose of the work-product doctrine.

Davey and Murrin's obligation to produce the Indemnification Agreements is stayed pending the resolution of ServisFirst's objections to the order denying its motion to compel. In the event those objections are resolved prior to the resolution of Centennial's Motion for Leave, Davey and Murrin's obligation to produce the Indemnification Agreements should be

stayed pending the outcome of the Motion for Leave. If the Motion for Leave is granted and Centennial is allowed to add Davey and Murrin as parties, then their objections to producing the Indemnification Agreements should be sustained, as Davey and Murrin will then have proper standing to raise the issue.

Denying the requested stay would severely prejudice Davey and Murrin by putting them in the untenable and unfair position of having to produce their work product based on a technicality and compromising their defense. Conversely, briefly staying the production of the Indemnification Agreements while the fully-briefed Motion for Leave is pending will not prejudice Centennial.

WHEREFORE, for the reasons stated above, Davey and Murrin respectfully requests that this Court stay their obligation to produce their Indemnification Agreements pending the outcome of Centennial's Motion for Leave to Amend.

## CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, undersigned counsel for ServisFirst certifies that he conferred in good faith with counsel for the Plaintiff regarding the relief requested in this motion in an effort to resolve the matters raised herein without need for judicial intervention, but the parties were unable to agree on a resolution and the Plaintiff objects to the relief sought in this motion.

DATED: August 19, 2016.

        Respectfully submitted,

        ***/s/ Sean P. Keefe***
        Sean P. Keefe
        JAMES HOYER, P.A.
        4830 West Kennedy Boulevard, Suite 550
        Tampa, Florida 33609
        Phone: 813-397-2258
        Fax: 813-397-2310
        E-mail:    skeefe@jameshoyer.com

        Michael T. Sansbury, *pro hac vice*
        William T. Paulk (Fla. Bar No. 52800)
        SPOTSWOOD SANSOM & SANSBURY LLC
        1819 Fifth Avenue North
        Suite 1050
        Birmingham, AL 35203
        Phone: 205-986-3620
        Fax: 205-986-3639
        Email:    msansbury@spotswoodllc.com
                      wpaulk@spotswoodllc.com

        *Attorneys for Non-Parties Gwynn Davey and Patrick Murrin*

# CERTIFICATE OF SERVICE

I hereby certify that, on August 19, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record.

s/ ***Sean P. Keefe***
Attorney for Non-Parties Gwynn Davey and Patrick Murrin