UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                                                      Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC., and
GREGORY W. BRYANT,

    Defendants.
_____/

## ORDER

    THIS MATTER is before the Court on the Motion for Appointment of Neutral Forensic Expert and Confirmation of Proposed ESI Protocol (the "Appointment Motion") (Dkt. 171), filed by Plaintiff Centennial Bank ("Centennial"), and the response in opposition to the Appointment Motion filed by non-parties Gwynn Davey and Patrick Murrin (Dkt. 174) (together, the "ServisFirst Employees," and, collectively with Centennial, the "Parties"), and the Joint Motion and Stipulation for Entry of Agreed Order (the "Joint Motion") (Dkt. 190), filed jointly by the Parties.

    On July 26, 2016, Centennial filed the Appointment Motion (Dkt. 171), requesting that the Court enter an order appointing a neutral computer forensic expert to conduct mirror imaging, preservation, and retrieval of electronic evidence within the mobile and computer devices of the ServisFirst Employees. On August 12, 2016, the ServisFirst Employees filed a response in opposition to the Appointment Motion (the "Appointment Response"). (Dkt. 174.)

    On September 15, 2016, the Court held a hearing on the Appointment Motion. (Dkts. 186, 188.) At the hearing, the Parties disagreed regarding what data and information is necessarily recoverable from mobile devices and other computer equipment.

The Court then noticed the Appointment Motion for evidentiary hearing to occur on September 26, 2016. (Dkt. 187.) The Court instructed the parties to "meet and confer prior to the evidentiary hearing regarding the issues of electronic discovery raised in the motion and at the hearing held before the Court on September 15, 2016." (Dkt. 187.)

On September 23, 2016, the Court was contacted by counsel for the Parties and informed that the Parties had reached an agreement regarding the issues of electronic discovery raised in the Appointment Motion, which agreement the Parties memorialized in the Joint Motion and the agreed order attached thereto. (Dkts. 190, 190-1.)

Upon consideration of the Appointment Motion, the Appointment Response, the Joint Motion, and the Parties' proposed agreed order resolving the Appointment Motion, it is

**ORDERED**:

1. The Joint Motion and Stipulation for Entry of Agreed Order (Dkt. 190) is **GRANTED**.

2. In light of the Parties' agreement regarding the resolution of Centennial's Motion for Appointment of Neutral Forensic Expert and Confirmation of Proposed ESI Protocol (Dkt. 171), as set forth in the Joint Motion and the agreed proposed order attached thereto (Dkts. 190, 190-1), Centennial's Motion for Appointment of Neutral Forensic Expert and Confirmation of Proposed ESI Protocol (Dkt. 171) is **GRANTED** to the extent set forth hereinafter:

    A. Dwayne Denny, a computer forensics consultant chosen by Centennial, will produce mirror images of all mobile devices, computers and portable or detachable hard drives in the ServisFirst Employees' personal possession, custody, or control and used by the ServisFirst Employees since January 1, 2015, as well as the ServisFirst Employees'

respective Gmail and iCloud accounts. Mr. Denny will execute a confidentiality agreement agreed to by the Parties.

B. Within ten (10) days of entry of this Order, the ServisFirst Employees will make available to Mr. Denny, at a place of their choosing, and at mutually agreeable times, all of the computer equipment described in the preceding paragraph. Mr. Denny will use his best efforts to avoid unnecessarily disrupting the normal activities or business operations of the ServisFirst Employees while inspecting, copying, and imaging the ServisFirst Employees' mobile devices, computers and other portable or detachable hard drives. The ServisFirst Employees, in the presence of Mr. Denny, will log into their respective Gmail and iCloud accounts, without Mr. Denny observing their passwords, and subsequently provide Mr. Denny with access to the same in their presence. Mr. Denny may not remove the ServisFirst Employees' mobile devices and computer equipment from the ServisFirst Employees' premises, and only Mr. Denny and his employees assigned to this project are authorized to inspect the equipment produced. The ServisFirst Employees may also have their own electronic data recovery expert, Adam Sharp, present to observe the inspection and imaging of their mobile devices, computer equipment, and respective Gmail and iCloud accounts. After the inspection and imaging is complete, Mr. Denny and Mr. Sharp will videotape the packaging of the forensic images in sealed evidence bags. Mr. Sharp will then take custody of the forensic images and is ordered not to open the evidence bags or otherwise interfere with the forensic images contained therein unless in the presence of Mr. Denny or ordered otherwise by the Court.

C. Within ten (10) days of inspection and imaging of the ServisFirst Employees' mobile devices, computer equipment and respective Gmail and iCloud

accounts, Mr. Sharp shall deliver the sealed evidence bags containing the forensic images to Mr. Denny's principal office. Mr. Denny, utilizing the tools and methodology deemed appropriate by him, shall then proceed to recover from the forensic images all available Relevant Records,[1] including but not limited to word-processing documents, incoming and outgoing email messages, PowerPoint or similar presentations, spreadsheets, and other files, including files that were "deleted."  Mr. Sharp is permitted to be present and observe the recovery and extraction of Relevant Records from the forensic images but may not otherwise interfere in the data recovery and extraction process. Once the recovery and extraction process is completed, Mr. Denny is to repackage the forensic images and return them to Mr. Sharp.

D.    Following the recovery and extraction process, Mr. Denny shall provide the Relevant Records in a reasonably convenient and searchable form to the ServisFirst Employees' counsel, along with, to the extent possible, the information showing when any files were created, accessed, copied, or deleted, and the information about the deletion and the contents of deleted files that could not be recovered. Mr. Denny is not to maintain a copy of any data or documents recovered from the ServisFirst Employees and is not to disclose any of his findings to Centennial or any other third-party. Mr. Denny shall submit an affidavit certifying that he has not retained any copies of any data or documents recovered from the ServisFirst Employees and that he has not disclosed any of his findings

---

[1] "Relevant Records" are records responsive to search terms established by the Parties or this Court and metadata associated with those records. The Parties are instructed to meet and confer regarding establishing a set of agreed-to search terms to be utilized by Mr. Denny. The Parties shall use best efforts to agree to an initial preliminary set of search terms fourteen (14) days after the date of this Order. If the Parties are unable to agree on an initial set of search terms, after conferring in good faith, any Party may raise the issue with the Court by motion.

to Centennial or any other third-party. Mr. Denny shall also provide Centennial notice of when the Relevant Records were provided to the ServisFirst Employees' counsel.

E. Within twenty (20) days of the receipt of the Relevant Records, the ServisFirst Employees' counsel shall review the records for privilege and responsiveness, supplement the ServisFirst Employees' responses to Centennial's subpoenas, if necessary, and send to Centennial's counsel all previously-unproduced non-privileged responsive documents and information, as well as a privilege log, which claims each privilege expressly and describes "the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5)(A). Nothing in this Order shall prevent Centennial from filing a motion to compel if it is unable to resolve a claim of privilege or relevance with the ServisFirst Employees, but the Parties are strongly encouraged to resolve these issues without Court intervention.

F. The Parties are to bear their own costs associated with their respective electronic data recovery experts, and Centennial shall not be allowed such costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED**, in Tampa, Florida, on September 26, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record