# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CENTENNIAL BANK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 8:16-cv-00088-CEH-JSS |
| SERVISFIRST BANK INC., et al., | ) ) ) |
| Defendants. | ) |

### SERVISFIRST BANK'S RESPONSE IN OPPOSITION TO CENTENNIAL BANK'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON CENTENNIAL'S MOTION TO COMPEL

Defendant ServisFirst Bank responds as follows to Plaintiff Centennial Bank's Objections to the Magistrate Judge's Order denying Centennial's Motion to Compel Production of Documents (hereinafter "Objections") (Doc. 396):

### INTRODUCTION

Centennial's Objections fail to mention—much less satisfy—the deferential standard of review applicable to this Court's consideration of the Magistrate Judge's Order. Magistrate Judge Sneed correctly determined that Centennial's overbroad discovery requests—which seek every ServisFirst communication with or about customers in the Tampa market from January 1, 2016, through the end of trial—are (1) neither relevant to the determination of the issues in the Second Amended Complaint nor (2) proportional to the needs of the case. Centennial failed to object <u>at all</u> to Judge Sneed's finding that the discovery Centennial seeks is not proportional, and the Objections can be overruled in their entirety on that basis alone. Additionally, Judge Sneed's determination that the discovery sought is not relevant easily satisfies the deferential "clearly erroneous or contrary to law" standard applicable to a district court's review of a magistrate judge's

1

ruling on a non-dispositive discovery dispute. This Court should therefore overrule Centennial's Objections.

## STANDARD OF REVIEW

"Magistrate judges are afforded broad discretion in the resolution of nondispositive discovery disputes." *Tracy P. v. Sarasota Cty.*, No. 8:05CV927T27EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007). A magistrate judge's determination on such issues will only be overturned if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Abrams-Jackson v. Avossa*, 743 F. App'x 421, 424 (11th Cir. 2018).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.,* 425 F.3d 1325, 1350 (11th Cir. 2005). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation omitted). "The mere fact that a reviewing Court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Tolz v. Geico Gen. Ins. Co.*, No. 08–80663–CIV, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010) (citation omitted). "[A]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

A party's failure to object to a magistrate judge's determination is dispositive: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

## ARGUMENT

This Court should overrule Centennial's Objections for two reasons. First, Centennial has failed to object to one of Judge Sneed's two independent grounds for denying Centennial's Motion to Compel—that the discovery sought is not proportional to the needs of the case—and Centennial's Objections can be overruled on that basis alone. Second, Judge Sneed's finding that

the requested discovery is not relevant to the determination of the issues in the Second Amended Complaint is neither clearly erroneous nor contrary to law.

I. **Centennial failed to object to Judge Sneed's finding that the discovery sought is not proportional to the needs of the case.**

Judge Sneed's Order denied Centennial's Motion to Compel on two independent grounds: (1) that Centennial's requests are not relevant to the determination of the issues in the Second Amended Complaint and (2) that Centennial's requests are not proportional to the needs of the case. (Doc. 395 at 4-5.) Centennial failed to object to the second of these independent grounds—"that Centennial's requests, which essentially encompass all communications with customers for an unlimited period of time, are overly broad." (Doc. 395 at 4; *see also id.* at 5 ("To the extent the documents after the expiration of the employment agreements have any relevance, which has not been shown to exist at this time, such expansive discovery is not proportional to the needs of the case.")).

Because Centennial failed to make any objection at all to Judge Sneed's determination regarding proportionality, this Court can overrule Centennial's Objections on that basis alone. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) ("Should a party fail to make timely objections, it has no right to review by the district judge of the action taken by the magistrate judge." (citing Fed. R. Civ. P. 72(a))); *Smith v. Clemons*, 465 F. App'x 835, 835 n.1 (11th Cir. 2012) (per curiam) (holding that the magistrate judge did not err in denying plaintiff's motion to consolidate because plaintiff "did not timely object to the magistrate judge's order denying his motion to consolidate and has, therefore, waived any objections"); *Field v. Comm'r of Soc. Sec.*, No. 618CV119ORL37KRS, 2019 WL 912278, at *3 (M.D. Fla. Feb. 25, 2019) (declining to consider an untimely objection to a magistrate judge's non-dispositive order); *F.D.I.C. v. Hillcrest*

3

*Associates*, 66 F.3d 566, 569 (2d Cir. 1995) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Sibley v. Nat'l City Mortg. Co.*, No. 1:12-CV-0305-SCJ, 2013 WL 12098962, at *2 (N.D. Ga. Aug. 23, 2013) (on review of a report and recommendation, dismissing a count of the complaint where the magistrate recommended dismissal on two independent grounds, the plaintiffs failed to address one of those grounds, and the court found no clear error in the magistrate's reasoning on that ground for dismissal), *aff'd,* 560 F. App'x 825 (11th Cir. 2014); *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 731 (11th Cir. 2018) (per curiam) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." (quotation omitted)), *cert. denied,* 139 S. Ct. 431 (2018).

Moreover, even if Centennial had objected to it, Judge Sneed's determination that the expansive discovery sought in Centennial's Motion is disproportionate to the needs of the case is neither clearly erroneous nor contrary to law. Centennial's Motion seeks all of ServisFirst's communications with and about customers in the Tampa market after the expiration of any restrictive covenants and continuing through trial in this case, essentially requiring ServisFirst to make voluminous, ongoing productions of sensitive business information to a competitor. Judge Sneed cited authority for the proposition that a discovery request without any temporal or other reasonable limitations is overly broad on its face (Doc. 395 at 4 (citing *Affiliated Foods Midwest Coop., Inc. v. SuperValu Inc.*, No. 8:16-cv-465, 2018 WL 6177074, at *3 (D. Neb. Nov. 27, 2018))) and ultimately found that "Centennial's requests, which essentially encompass all communications with customers for an unlimited period of time, are overly broad." (Doc. 395 at 4.) This determination, supported by case law, is neither clearly erroneous nor contrary to law, particularly

in view of the broad discretion afforded magistrate judges in issuing non-dispositive pretrial orders related to discovery. *See Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). In its Objections, Centennial makes no effort whatsoever to show that these far-reaching requests are proportional to the needs of the case. *See Wyndham Hotels & Resorts, LLC v. Leisure Getaways, Inc.*, No. 617CV501ORL31GJK, 2017 WL 10059023, at *2 (M.D. Fla. Oct. 25, 2017) (denying plaintiff's motion to compel because plaintiff "failed to meet its burden of demonstrating that the requested information is relevant and proportional to the needs of the case").

Because Centennial failed to object to one of Judge Sneed's two independent grounds for denying the Motion to Compel—that the discovery requests are not proportional to the needs of the case—this Court need not consider Centennial's Objections to Judge Sneed's determination regarding relevance and may overrule Centennial's Objections on this basis alone. Even if it were to review that ground, despite the lack of objection, this Court should find that Judge Sneed's determination is neither clearly erroneous nor contrary to law.

## II. Judge Sneed's finding that Centennial cannot invoke tolling to extend the relevant discovery period is neither clearly erroneous nor contrary to law.

In its Motion to Compel, Centennial bases its entitlement to discovery beyond the expiration of any restrictive covenants up through the date of trial on the possibility that the restrictive covenants may ultimately be tolled. (Doc. 374 at 6.) Significantly, as Judge Sneed recognized, Centennial did not cite to a single case in which the potential tolling of a restrictive covenant was invoked to provide a party with discovery beyond the conclusion of the agreement. (Doc. 395 at 3.) Rather, the cases Centennial cited involved the forward-looking application of tolling to protect or compensate a party that had already secured a preliminary injunction or won a decision on the merits. (*Id.*)

Judge Sneed's finding is consistent with the cited cases and with Florida law. Equitable relief, if granted, could only involve the forward-looking reinstitution of a one-year restrictive period—not the backward-looking creation of a new restrictive period stretching from December 31, 2016, to one year from the end of trial. Indeed, imposing a restrictive covenant of that length would be presumptively unreasonable under Florida law. *See* Fla. Stat. § 542.335(1)(d)(1) ("a court . . . shall presume unreasonable in time any restraint more than 2 years in duration" when the restrictive covenant is directed towards a former employee). Judge Sneed also noted that, if Centennial ultimately prevails on the merits, it may obtain either damages or equitable relief to effectuate the agreements post-judgment. (Doc. 395 at 4 (citing *Vela v. Kendall*, 905 So. 2d 1033, 1035 (Fla. 5th DCA 2005)).) Thus, Judge Sneed correctly determined that "documents showing activities after the expiration of the agreements, and before entry of an injunction, are not relevant to the determination of the issues in the Second Amended Complaint." (Doc. 395 at 4.) This finding is neither clearly erroneous nor contrary to law, particularly in view of the broad discretion granted a magistrate judge in determining relevance for discovery purposes. *See Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007).

Centennial's primary response to Judge Sneed's reasoning is to copy and paste the arguments from its Motion to Compel. (*Compare* Doc. 374 at 6-9 *with* Doc. 396 at 10-13.) Beyond this, Centennial argues that Judge Sneed's decision prejudges the issues and prematurely forecloses the possibility that equitable tolling might apply. (*See* Doc. 396 at 11.) This argument mistakes both Judge Sneed's reasoning and the effect of Judge Sneed's decision. The Order expresses no opinion regarding whether equitable tolling may ultimately apply in this case. Instead, the Order recognizes that the cases Centennial cites are not discovery cases, in which tolling is used to extend the relevant discovery period, but cases where courts applied tolling to protect a

party that had secured a preliminary injunction or to compensate a party that has won a decision on the merits. (Doc. 395 at 3, 4.) Centennial has done neither, and the requested discovery is simply not relevant to any open issue in this case.

Centennial also advances two arguments that it never raised before Judge Sneed: that the discovery it seeks is relevant to damages and that only some counts of the Second Amended Complaint involve restrictive covenants. (*Compare* Doc. 374 *with* Doc. 396 at 6, 11.) The Eleventh Circuit has held that a district court has discretion to decline to consider arguments raised for the first time in objections to a magistrate judge's order. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009); *see also Frone v. JP Morgan Chase & Co.*, 695 F. App'x 468, 472 (11th Cir. 2017) ("It is not an abuse of discretion to decline to consider a plaintiff's argument that was not presented to the magistrate judge."). In so holding, the Eleventh Circuit noted that the First, Fifth, Ninth, and Tenth Circuits have found that "requiring the district court to consider new arguments raised in the objections effectively would eliminate efficiencies gained through the Magistrates Act and would unfairly benefit litigants who could change their tactics after issuance of the magistrate judge's report and recommendation." *Williams*, 557 F.3d at 1291. Centennial's Second Amended Complaint and damages theories have not changed since the filing of its Motion to Compel, and there is no reason that Centennial could not have advanced these arguments before Judge Sneed. The Court should exercise its discretion and decline to consider these untimely arguments.

While this Court need not consider Centennial's untimely arguments at all—both because of this Court's discretion and because Centennial failed to object to Judge Sneed's determination that the discovery Centennial seeks is not proportional to the needs of this case—these untimely arguments are also too conclusory to warrant the Court's consideration. "Parties filing objections

to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Centennial offers no explanation of how the discovery it seeks is relevant to its damages calculations, nor does Centennial identify any particular count of the Second Amended Complaint to which the discovery is relevant. Such conclusory assertions cannot form the basis for ordering voluminous and sensitive discovery, particularly where Centennial has not shown evidence of a single violation of a non-compete agreement by any of the Defendants—either during the preliminary-injunction hearing or after.

## CONCLUSION

For the reasons stated above, ServisFirst respectfully requests that this Court overrule Centennial's Objections to Judge Sneed's denial of its Motion to Compel.

DATED: June 6, 2019.

Respectfully submitted,

/s/ Michael T. Sansbury
Michael T. Sansbury (SAN 054)
William T. Paulk (Fla. Bar No. 52800)
SPOTSWOOD SANSOM & SANSBURY LLC
1819 Fifth Avenue North
Suite 1050
Birmingham, AL 35203
Phone: 205-986-3620
Fax: 205-986-3639
Email:   msansbury@spotswoodllc.com
         wpaulk@spotswoodllc.com

Sean Estes
JAMES HOYER, P.A.
2801 W. Busch Blvd., Suite 200
Tampa, Florida 33618
Phone: 813-375-3756
Fax: 813-375-3766
E-mail:   sestes@jameshoyer.com

*Attorneys for Defendant ServisFirst Bank*

*Attorneys for Defendant ServisFirst Bank*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 6, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record.

                                                  s/ Michael T. Sansbury  
                                                  OF COUNSEL