UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.    Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC., GREGORY
W. BRYANT, GWYNN DAVEY,
PATRICK MURRIN and JONATHAN
ZUNZ,

    Defendants.
_____/

# **O R D E R**

This cause comes before the Court upon Centennial Bank's Objections to Order Denying Compel Motion (Doc. 396) and ServisFirst Bank Inc.'s response thereto (Doc. 403). Upon careful consideration, the Court will overrule Centennial Bank's Objections and affirm the Order of the Magistrate Judge entered May 9, 2019.

    **I.    BACKGROUND**

In this diversity action, Plaintiff/ Counter-defendant Centennial Bank ("Centennial") sues four former employees— Defendant/ Counter-plaintiff Gregory W. Bryant ("Bryant"), Defendant Patrick Murrin ("Murrin"), Defendant Gwynn Davey ("Davey"), and Defendant Jonathan Zunz ("Zunz")—and the former employees' new employer, Defendant ServisFirst Bank Inc. ("ServisFirst"). Doc. 199. Centennial sets forth various state-law claims arising from the former employees' simultaneous resignation and relocation to ServisFirst. *Id.*

Centennial maintains causes of action against the Defendants for tortious interference, breach of contract, specific performance, misappropriation of trade secrets, conversion, fraudulent inducement, fraudulent omission, breach of fiduciary duty, and civil conspiracy. *Id.* Centennial's

claims are based, in part, on the former employees' alleged violation of various ethical and contractual obligations. *See, e.g., id.* at ¶¶ 12-15. Those contractual obligations included Bryant's, Davey's, and Murrin's agreement to a one-year prohibition against competition with Centennial (the "Employment Contracts"). Doc. 374 at p. 6.

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, 3:05-cv-850J99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## III. DISCUSSION

During the course of discovery, Centennial served ServisFirst with production requests. Doc. 374 at pp. 15-35. ServisFirst responded with objections, including a general objection to the production of any documents post-dating December 31, 2016. *Id.* at pp. 5, 41. According to ServisFirst, that date—one year after the former employees' resignation on December 31, 2015—is the date when the noncompete provisions expired and when Bryant, Murrin, and Davey "had every right to communicate freely with customers." Doc. 376 at p. 2. ServisFirst also asserted an objection that many of Centennial's production requests were overly broad, irrelevant, not

reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome. Doc. 374 at pp. 41-71.

Centennial filed a motion to compel production of responsive documents over ServisFirst's objections. *Id.* In the motion, which was referred to the Magistrate Judge, Centennial argued that equitable tolling applies to the Employment Contracts. *Id.* at p. 6. According to Centennial, "the one year term at issue has not yet begun to run because [Bryant, Murrin, and Davey] have not yet begun to abide by [the terms of the Employment Contracts]." *Id.* Because the one year term of noncompetition has not begun, Centennial concluded, ServisFirst's discovery cutoff of December 31, 2016 is arbitrary. *Id.* at p. 7. Centennial then cited five cases to support its position that equitable tolling applies given the circumstances here. *Id.* In response, ServisFirst argued that Centennial's motion failed to articulate the relevance or proportionality of the broad production requests. Doc. 376 at p. 3.

The Magistrate Judge agreed with ServisFirst and denied Centennial's motion to compel. Doc. 395 at p. 8. As an initial matter, the Magistrate Judge noted that the cases Centennial cited regarding equitable tolling were inapposite because they did not deal with the issue in the context of discovery disputes. *Id.* at p. 4. The Magistrate Judge then held that Centennial's motion was due to be denied because Centennial did not allege that its production requests seeking documents beyond December 31, 2016 were (1) relevant to the determination of issues in the Second Amended Complaint or (2) proportional to the needs of the case. *Id*. Rather, based on the information before the court, the Magistrate Judge found that Centennial's requests were not relevant and were overly broad, particularly given that Centennial's requests "essentially encompass all communications with customers for an unlimited period of time." *Id.*

3

Centennial now objects to the Magistrate Judge's Order, arguing that it "conflates the subject of damages with the issue of statute of limitations." Doc. 396 at p. 7. Relatedly, Centennial suggests that the Magistrate Judge made a merits determination that equitable tolling does not apply to this case. *Id.* Centennial also argues, for the first time, that the December 31, 2016 discovery cut-off is inappropriate because many of the counts in the Second Amended Complaint deal with issues other than noncompetition. *Id.*

Contrary to Centennial's argument, the Magistrate Judge did not decide whether equitable tolling applies to the Employment Contracts. Rather, the Magistrate Judge merely noted that the cases Centennial relied on to show that equitable tolling should apply were not helpful to the issues before the court because none of those cases dealt with equitable tolling in the context of a discovery dispute. The Magistrate Judge denied Centennial's motion to compel because there was no information that Centennial's unbound requests for production were relevant to the issues in the Second Amended Complaint or proportional to the needs of the case. Doc. 395 at p. 4.

It is true that Centennial addressed neither relevancy nor proportionality in its motion to compel. Rather, Centennial chose, at its own risk, to narrowly focus on whether equitable tolling does or could apply to the Employment Contracts. But even assuming equitable tolling applied, Centennial left unanswered the question of how production through the course of trial is relevant or proportionate. For these reasons, the Court cannot conclude that the Magistrate Judge's Order was clearly erroneous or contrary to law.

As discussed, Centennial's motion to compel did not address ServisFirst's general objection that Centennial's production requests are overbroad. Even now, Centennial does not specifically object to the Magistrate Judge's finding that the requests are overbroad because they are not limited in time. *See* Doc. 396.

4

Centennial does object to the Magistrate Judge's determination that its requests for production were not relevant. In its Objections, Centennial now, for the first time, begins to explain the relevance of its production requests. *See id.* at pp. 4-6, 9. But the Court is not inclined to give fresh consideration to arguments that could have been raised before the Magistrate Judge, particularly given the highly deferential standard applicable to orders on non-dispositive motions. *See Worley v. City of Lilburn*, 408 Fed. Appx. 248, 253 (11th Cir. 2011); *White v. Thyssenkrupp Steel USA, LLC*, No. 09-0286-WS-N, 2010 WL 2042331, at *2, n.3 (S.D. Ala. May 20, 2010) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

Based on the submissions before the Magistrate Judge, the Order Denying Compel Motion was not clearly erroneous or contrary to law. Accordingly, it is **ORDERED:**

1. Centennial Bank's Objections to Order Denying Compel Motion (Doc. 396) are **OVERRULED.**

2. The Order of the Magistrate Judge Denying Compel Motion, entered May 9, 2019, is **AFFIRMED.**

**DONE AND ORDERED** in Tampa, Florida on July 11, 2019.

						Charlene Edwards Honeywell
						United States District Judge

Copies to:	All Counsel of Record
		All *Pro Se* Parties