UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                                   Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC., GREGORY
W. BRYANT, GWYNN DAVEY,
PATRICK MURRIN and JONATHAN
ZUNZ,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Defendants' motions to seal (Doc. 429; Doc. 431).[1] By their motions, Defendants seek to file under seal various summary judgment and *Daubert* motion exhibits. Defendants generally seek to file under seal personal and financial information of the parties and third-party customers and information about the business practices and strategies of the relevant financial institutions.

Upon consideration, the Court will deny the motions. As indicated in the Case Management and Scheduling Order (Doc. 89), motions to seal are disfavored and will be denied unless they comply with Local Rule 1.09. Middle District of Florida Local Rule 1.09 requires that a motion to seal include, among other things, "the reason that sealing each item is necessary" and "the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal." Local Rule 1.09(a).

---

[1] Defendants' Local Rule 3.01(g) certifications state that Plaintiff opposes the motions, however, Plaintiff did not file a response in opposition to the motions.

1

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations).

Here, both motions suffer the same defects: they (1) wholly fail to explain why means other than sealing are unavailable or unsatisfactory and (2) fail to adequately explain why sealing each item is necessary. Defendants' main argument advanced in support of the necessity of sealing is that the relevant documents were deemed "confidential information" or "highly confidential-attorney's eyes only" pursuant to the parties' protective order and confidentiality stipulation. However, just because the parties have designated documents produced in discovery as confidential does not necessarily mean that they should be sealed. Doc. 89, p. 6 ("Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential."); Local Rule 1.09.

In the first motion to seal, Defendant ServisFirst proposes to seal an indemnification agreement and correspondence containing Defendants Bryant's, Davey's, Murrin's and Zunz's salary information and benefits. ServisFirst has not shown good cause for sealing these items. Therefore, the motion will be denied.

In the second motion to seal, all Defendants propose sealing copies of 12 deposition transcripts which fill two large binders. Defendants propose filing the entirety of the 12 deposition transcripts "in an abundance of caution . . . so as to not unintentionally publish information into

the public record that is protected by either the Protective Order, Fed. R. Civ. P. 5.2, or other applicable privacy laws." Doc. 431, p. 3. However, much of the deposition transcripts include information that is clearly non-sensitive, leaving the Court to ponder the unanswered question of why a means other than sealing is unavailable or unsatisfactory to preserve Defendants' concerns. The motion will therefore be denied.

Upon careful consideration, the Court finds Defendants have not complied with Local Rule 1.09, have not established good cause to file under seal any of the proposed items, and have failed to overcome the presumption in favor of public right of access to these documents.

According, it is hereby **ORDERED**:

1. Defendant ServisFirst Bank Inc.'s Motion to Seal Pursuant to the Protective Order and Confidentiality Stipulation (Doc. 429) is **DENIED.**

2. Defendants ServisFirst Bank, Inc., Gregory W. Bryant, Patrick Murrin, Gwynn Davey, and Jonathan Zunz's Joint Motion to Seal Pursuant to the Protective Order and Confidentiality Stipulation (Doc. 431) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on November 6, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any