# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CENTENNIAL BANK,

    Plaintiff,

v.                                                                        Case No: 8:16-cv-88-T-36JSS

SERVISFIRST BANK INC., GREGORY
W. BRYANT, GWYNN DAVEY,
PATRICK MURRIN and JONATHAN
ZUNZ,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon Centennial Bank's Objections to Order Denying Motion to Compel Production of E-Hounds Images to DSG as Derived from the Identified Murrin Devices (Doc. 563) and Patrick Murrin's response thereto (Doc. 590). Upon careful consideration, the Court will overrule Centennial Bank's Objections and affirm the Order of the Magistrate Judge entered September 13, 2019.

### I.    **BACKGROUND**

In this diversity action, Plaintiff/ Counter-defendant Centennial Bank ("Centennial") sues four former employees— Defendant/ Counter-plaintiff Gregory W. Bryant ("Bryant"), Defendant Patrick Murrin ("Murrin"), Defendant Gwynn Davey ("Davey"), and Defendant Jonathan Zunz ("Zunz")—and the former employees' new employer, Defendant ServisFirst Bank Inc. ("ServisFirst"). Doc. 199. Centennial sets forth various state-law claims arising from the former employees' simultaneous resignation and relocation to ServisFirst in December 2015 and January 2016. *Id.* The causes of action against the Defendants include tortious interference, breach of

contract, specific performance, misappropriation of trade secrets, conversion, fraudulent inducement, fraudulent omission, breach of fiduciary duty, and civil conspiracy. *Id.*

Before initiating the litigation, Centennial sent ServisFirst correspondence directing ServisFirst, for itself and Bryant, Murrin, Davey, and Zunz, to preserve electronically stored information ("ESI") likely to be relevant to the anticipated litigation. Doc. 402 at pp. 2-3. During a telephone conference at the outset of the discovery process, counsel for ServisFirst reported that Murrin and Davey had deleted a large number of e-mails in early 2016, so there were few electronic communications Murrin and Davey would be able to produce in discovery. *Id.* at p. 3. Accordingly, Centennial attempted to determine whether Davey and Murrin would be agreeable to having a forensic examiner inspect their electronic devices to recover the deleted information. *Id.* at pp. 3-4.

Counsel for Murrin and Davey retained Adam Sharp ("Sharp") of E-Hounds, Inc. ("E-Hounds") in June 2016 to advise Murrin and Davey on the appropriate steps for preserving and retrieving data from their personal devices. Doc. 175, Declaration of Adam Sharp ("Sharp Decl."), at ¶ 5. Beginning in July 2016, Sharp created images of Murrin's devices. *Id.* at ¶ 6.

Centennial objected to defendants' "unilateral selection of E-Hounds." Doc. 402 at p. 4. On July 26, 2016, Centennial filed its Motion for Appointment of Neutral Forensic Expert and Confirmation of Proposed ESI Protocol. Doc. 171. Centennial and Davey and Murrin subsequently came to an agreement regarding the issues raised in the motion, memorializing that agreement in a filing with the Court.

On September 26, 2016, the Magistrate Judge entered an agreed order establishing the protocol for imaging of certain devices to be produced in discovery. Doc. 192 (the "ESI Order"). The ESI Order provided that Dwayne Denny ("Denny"), a computer forensic consultant chosen

by Centennial, would be provided access to certain electronic devices to produce mirror images and extract relevant records. *Id.* Those electronic devices included "all mobile devices, computers and portable or detachable hard drives in the ServisFirst Employees' personal possession, custody, or control and used by the ServisFirst Employees since January 1, 2015." *Id.* at pp. 2-3.

Murrin provided Denny with access to one iPhone, one iPad, and one MacBook Pro. Doc. 402 at p. 6. Murrin did not provide access to or identify any other electronic devices that he used or that were within his possession, custody, or control. *Id.* According to Centennial, Denny found that Murrin had deleted "copious amounts of data, including 631 out of 897 contacts, 203 e-mails, as well as additional ESI," in violation of his preservation duty. *Id.* at pp. 6-7.

On May 10, 2019, counsel for Centennial conducted the deposition of Murrin. *Id.* at p. 7. During the deposition, counsel for Centennial asked Murrin about the deletion of data from his electronics. In response, Murrin indicated he may have deleted some material "unrelated to the litigation" and/or updated his computer operating system and/or restored iPhone data. *Id.* at pp. 75, 78, 82, 85-86.

Centennial filed a Motion for Order Compelling Production of E-Hounds Images to [Denny] as Derived from the Identified Murrin Devices ("Motion Compelling E-Hounds Images"), asking the Court to order Murrin to turn over the images created by E-Hounds. *Id.* Centennial argued this is the necessary remedy for Murrin's violation of his preservation duties. *Id.* at p. 9.

Murrin filed a response in opposition. Doc. 415. The Magistrate Judge issued an Order denying Centennial's Motion Compelling E-Hounds Images, concluding that Centennial's motion was an inappropriate attempt to restart the ESI examination, that Centennial did not establish how reviewing a second set of images outweighs the likely benefit, and that Centennial did not establish that the E-Hounds images would reveal any new information. Doc. 539 at p. 3.

## II.    LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The "clearly erroneous or contrary to law" standard is extremely deferential. *Pac. Employers Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850J99MMH, 2007 WL 433362, at *2 (M.D. Fla. Feb. 6, 2007). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).

## III.    DISCUSSION

Centennial introduces new evidence and argument in its Objections not provided in the Motion Compelling E-Hounds Images before the Magistrate Judge. Doc. 563 at pp. 8-13.  But this Court will not, without sufficient reason, reconsider the Magistrate Judge's ruling based on evidence and argument she was not provided the opportunity to consider.

Centennial argues the Magistrate Judge misapplied Rule 37(e) and its focus on whether lost ESI can be restored through additional discovery. But the Magistrate Judge did not need to reach that precise question because Centennial failed to show any relevant evidence was lost in the first instance. Moreover, the Magistrate Judge correctly concluded, based on the information and arguments before her, that Centennial failed to establish how the expense of reviewing a second set of images would outweigh the benefit. Upon review, the Court finds no basis to conclude that the Magistrate Judge's Order was clearly erroneous or contrary to law. As such, the Court will affirm the Magistrate Judge's Order.

Accordingly, it is **ORDERED:**

1. Centennial Bank's Objections to Order Denying Motion to Compel Production of E-Hounds Images to DSG as Derived from the Identified Murrin Devices (Doc. 563) are **OVERRULED.**

2. The Order of the Magistrate Judge (Doc. 539), entered September 13, 2019, is **AFFIRMED.**

**DONE AND ORDERED** in Tampa, Florida on February 28, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:  All Counsel of Record
   All *Pro Se* Parties